UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON PESCH, | No. C-13-05317 DMR |
| Plaintiff(s), | **ORDER RE: JOINT DISCOVERY LETTER [DOCKET NO. 35]** |
| v. | |
| INDEPENDENT BREWERS UNITED CORPORATION AND NORTH AMERICAN BREWERIES INC, | |
| Defendant(s). | |

Before the court is a joint discovery letter filed by Plaintiff Simon Pesch and Defendants Independent Brewers United Corporation and North American Breweries, Inc. [Docket No. 35.] In the letter, Defendants request that the court issue a letter rogatory to obtain the deposition testimony of the director of Plaintiff's current employer, as well as documents that may be in his possession, custody, or control. Plaintiff opposes the request and seeks a protective order prohibiting the requested discovery.

The court held a hearing on the matter on October 9, 2014. For the reasons stated below and at the hearing, Defendants's request is **denied.**

## I. BACKGROUND

The parties provided a joint summary of the factual background of this case. *See* Letter at 1. Defendants employed Plaintiff as Head Brewer (among other positions) until June 2013. Defendants

1  treated Plaintiff as exempt from California's overtime pay requirements while he held that position.
2  Following his termination in June 2013, Plaintiff filed suit against Defendants. Plaintiff alleges that
3  notwithstanding his title, Defendants cannot prove he spent the majority of his time performing
4  exempt managerial tasks. Instead, he alleges that he performed line brewing tasks alongside his
5  hourly subordinates as well as other non-managerial tasks, such as sweeping, loading sacks of raw
6  materials, and pumping thousands of gallons of water and beer between the different areas of the
7  brewery. Plaintiff claims that Defendants wrongly failed to pay him overtime from June 2009 to
8  June 2013 resulted in various violations of California Industrial Welfare Commission Wage Orders
9  and Labor Code sections.

Several months after Defendants terminated Plaintiff's employment, he was hired by Hong Kong Beer Co. Ltd., located in Hong Kong, where he remains employed today.

## II. LEGAL STANDARDS

### A. General Discovery Standards

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court "must limit the frequency or extent of discovery otherwise allowed by [the Federal] rules" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ.

P. 26(c)(1). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## B. Letter Rogatory

"A letter rogatory is a formal written request sent by a court to a foreign court asking that the testimony of a witness residing within that foreign court's jurisdiction be taken pursuant to the direction of that foreign court and transmitted to the requesting court for use in a pending action." *Asis Internet Servs. v. Optin Global, Inc.*, No. 05-cv-5124 JCS, 2007 WL 1880369 at *3 (N.D. Cal. June 29, 2007) (citing *Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129 (3rd Cir. 1983) and Wright, Miller, & Marcus, Federal Practice and Procedure (2007) § 2083). A letter rogatory can also include requests for the production of documents. *Id.* (citing *United States v. Reagan,* 453 F.2d 165, 168 (6th Cir. 1971) (affirming district court's issuance of letters rogatory seeking documents from investigation conducted by German authorities)). Federal Rule of Civil Procedure 28(b) provides that a deposition may be taken in a foreign country "pursuant to a letter of request (whether or not captioned a 'letter rogatory')." Fed. R. Civ. P. 28(b)(2).

"A court is inherently vested with the authority to issue letters rogatory." *Asis*, 2007 WL 1880369 at *3 (citing *United States v. Staples,* 256 F.2d 290, 292 (9th Cir. 1958) and *Reagan,* 453 F.2d at 172). *See also* 28 U.S.C. § 1781(a)(2) (providing the State Department with the power "to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution."). "Whether to issue such a letter is a matter of discretion for the court." *Asis*, 2007 WL 1880369 at *3 (citations omitted). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. Ultimately, a court's decision whether to issue a letter rogatory requires an application of Rule 28(b) in light of the scope of discovery provided for by the Federal Rules of Civil Procedure." *Id.*

## III. DISCUSSION

1  Defendants describe the possible relevance of evidence from Plaintiff's current employer as
2  follows: the current employer "may be able to provide admissible evidence regarding Plaintiff's job
3  responsibilities and duties while employed by Defendants" because "Plaintiff likely discussed with
4  [the current employer] his job responsibilities and duties while employed by Defendants. If in those
5  discussions Plaintiff stated that he performed mostly managerial tasks while employed as Head
6  Brewer for Defendants, and discussed how many hours he worked for Defendants, this would raise
7  considerable doubt regarding Plaintiff's credibility and allegations and would go directly to
8  Plaintiff's alleged damages." Letter at 2.

9  Plaintiff contends that Defendants' discovery request is a fishing expedition based on
10 speculation. The court agrees. Defendants have little basis for their assertions that Plaintiff "may"
11 be able to provide admissible evidence and that Plaintiff "likely" discussed his tasks from a previous
12 job with his current employer. Defendants do not point to any statements made by Plaintiff or any
13 other witness, nor any documentary evidence, demonstrating that Plaintiff's current employer would
14 have significant pertinent information about Plaintiff's previous job. At the hearing, Defendants
15 counsel admitted that no evidence demonstrated that Plaintiff had discussed his previous job with his
16 current employer, but argued that it could be inferred simply from the fact that Plaintiff listed
17 himself as a "manager" on the resume that he submitted to his current employer. But even assuming
18 that this inference is properly made, it merely leads to the possibility that Plaintiff informed his
19 current employer of his prior job title, which is of marginal relevance to this case; Defendants do not
20 point to any evidence that could raise a plausible, non-speculative inference that Plaintiff actually
21 discussed his prior job duties in any meaningful detail with his current employer.

22 Furthermore, the information Defendants seek "can be obtained from some other source that
23 is more convenient or less burdensome." Fed. R. Civ. P. 26(b)(2)(C). Plaintiff notes that in his
24 initial disclosures, he identified 8 co-workers who worked alongside Plaintiff while he was
25 employed by defendants, and that he identified an additional 7 co-workers during his deposition. At
26 the hearing, Plaintiff's counsel stated that between 15 and 20 percipient witnesses have been
27 identified who could testify regarding the tasks Plaintiff performed in the course of his employment
28 with Defendants. To date, only two or three of these witnesses have been deposed. Among those

4

deposed is Eduardo Perez, Plaintiff's direct supervisor during Plaintiff's employment with Defendants, who was able to provide percipient testimony about Plaintiff's job duties. Plaintiff also contends that Defendants have brew sheets, which would show the tasks to which Plaintiff was assigned. Defendants do not make any argument that these sources of information are unlikely to have information about the tasks performed by Plaintiff while he was employed by Defendants. Instead, Defendants contend that deposing Plaintiff's currrent employer would not be too burdensome because the deposition would be taken by videoconference and costs will be borne by Defendants. This misses the point. Discovery in the United States, pursuant to the Federal Rules and under the jurisdiction of this court, will certainly be *less* burdensome than executing a deposition and document production in a foreign jurisdiction pursuant to a letter rogatory against a non-party who may be required to hire counsel and respond to discovery requests despite having no relation to the claims at issue.

Finally, according to Plaintiff, his current employer does not know of his dispute with his former employer. Plaintiff raises a valid concern that informing his current employer of prior work conflicts could damage Plaintiff's standing at his current job, especially because Plaintiff's Hong Kong employer is not subject to American laws prohibiting retaliation against workers for pursuing their workplace rights.

## IV.  CONCLUSION

For the above reasons, the court finds that the discovery sought by Defendants can be obtained from a source that is more convenient or less burdensome, and that the burden of producing the requested discovery outweighs its speculative benefit. Defendants's request is **denied**,[1] and Plaintiff's request for a protective order prohibiting the requested discovery is **granted.**

IT IS SO ORDERED.

Dated: October 10, 2014

DONNA M. RYU
United States Magistrate Judge

---

[1] Because the request is denied for these reasons, the court need not reach Plaintiff's additional argument that California privacy laws require the court to deny the request.