UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON PESCH, | No. C-13-05317 DMR |
| Plaintiff(s), | **ORDER FOR SUPPLEMENTAL BRIEFING RE: JOINT DISCOVERY LETTER [DOCKET NO. 56]** |
| v. | |
| INDEPENDENT BREWERS UNITED CORPORATION AND NORTH AMERICAN BREWERIES INC, | |
| Defendant(s). | |

Before the court is a joint discovery letter filed by Plaintiff Simon Pesch and Defendants Independent Brewers United Corporation and North American Breweries, Inc. [Docket No. 56.] In this letter, Plaintiff argues that Defendants have failed to meet the expert witness disclosure requirements of Federal Rule of Civil Procedure 26 for Ryan Pappe and Mark House, two individuals that Defendants disclosed as experts.

Under the Federal Rules, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702." Fed. R. Civ. P. 26(a)(2)(A). On December 15, 2014, Defendants disclosed Pappe and House as "non-retained experts," and served limited disclosures for each of them pursuant to Rule 26(a)(2)(C). Pappe is the Head Brewer of Defendants' brewery in Portland, Oregon. House is Defendants' Director of Craft Breweries and Corporate Distribution. House is based in New York, but was in charge of

Defendants' Berkeley brewery for the last five months of Plaintiff's employment.  These disclosures state fifty "subject matters" about which each expert is expected to present evidence, and then a "summary of [the expert's] facts and opinions" on each topic that add no further detail regarding the expert's planned testimony.  The subject matters generally concern Defendants' documentation, the job duties of a Head Brewer, the training and supervision by a Head Brewer of his subordinates, and the general process by which beer is brewed in the Defendants' breweries and other breweries generally.  For example, the first ten subject matters for both Pappe and House are as follows:

> 1. Explain the purpose of Defendants' documentation regarding the brewing process, including Brew Sheets, Fermentation Logs, and Bright Tank Reports;
>
> 2. Explain what Defendants' Brew Sheets and other documentation reveal about how much time Pesch spent brewing;
>
> 3. Explain what Defendants' time punch records and other documentation reveal about whether time Pesch spent brewing was exempt or managerial in nature;
>
> 4. Explain the job duties of the Head Brewer in a craft brewery of the type of the Berkeley Brewery;
>
> 5. Explain and opine that the Head Brewer in a craft brewery of the type of the Berkeley Brewery has duties and responsibilities that involve the management of a customarily recognized department, i.e., the Brewing Department;
>
> 6. Explain and opine that the Head Brewer in a craft brewery of the type of the Berkeley Brewery customarily and regularly directs the work of two or more employees;
>
> 7. Explain and opine that the Head Brewer in a craft brewery of the type of the Berkeley Brewery has the authority to make suggestions and recommendations as to the hiring or firing and as to the advancement and promotion of subordinates that are given weight;
>
> 8. Explain and opine that the Head Brewer in a craft brewery of the type of the Berkeley Brewery customarily and regularly exercises discretion and independent judgment;
>
> 9. Explain and opine that the Head Brewer in a craft brewery of the type of the Berkeley Brewery spends most of his time on tasks that are exempt or managerial in nature;
>
> 10. Explain the process by which beer is brewed in a craft brewery of the type of the Berkeley Brewery.

Letter at Ex. A at 2-3, 11-12.

While the parties' discovery dispute concerns whether Pappe and House should be designated as one type of expert under Rule 26(a)(2)(C) or another type of expert under Rule 26(a)(2)(B), this dispute puts the cart before the horse: Defendants' summary of the facts and opinions about which Pappe and House will testify does not appear to disclose topics that are

2

properly the subject of expert testimony under Rule 702.  Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert by knowledge, skill experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  In contrast, a lay witness not testifying as an expert may testify as to his or her opinions if the opinion is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  "[T]he proponent [of the proposed expert] has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." Fed. R. Evid. 702, Advisory Committee's note to 2000 Amendment.

This case involves Plaintiff's claim that Defendants wrongly failed to pay him overtime as the result of their improper designation of him as an exempt managerial employee.  The facts and opinions about which Pappe and House will testify appear to be either irrelevant to the straightforward wage and hours claims at issue, or matters within Pappe and House's personal knowledge rather than based on scientific, technical, or other specialized knowledge.[1]

---

[1] A comparable recent case decided by Judge Orrick is instructive. In *Perez v. Seafood Peddler of San Rafael, Inc.*, No. 12-CV-00116-WHO, 2014 WL 2810144, at *2 (N.D. Cal. June 20, 2014), the court granted the plaintiff's motion in limine to preclude testimony from two witnesses whom the defendant had disclosed as experts but whose opinions were not "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  The case involved the defendant restaurant's alleged failure to pay its employees overtime wages, under-reporting of hours worked, and falsification of records.  One expert (Mayfield) was disclosed on the topics of the employer's timekeeping practices and records, the duties of independent contractors, and whether the contractors should be considered employees or independent contractors.  *Id.*  The court precluded this testimony because "the topics for which the defendants proffered Mayfield as an expert involve matters within his personal knowledge and experience only."  *Id.*  Mayfield could "testify about how [an employer] maintains its records or manages people who work there based on his own experience and observations without being qualified to give expert testimony."  *Id.*  With respect to Mayfield's opinion on whether "anyone who has worked for [defendant] Seafood Peddler is an employee or an independent contractor," this type of legal conclusion was improper because opinions on the ultimate issue of law was the province of the factfinder.  *Id.* at *3.

The other expert (Silvestri) was offered on "[t]he practice of Seafood Peddler as well as the practice in similarly-organized restaurants in northern California concerning the hiring of kitchen

1    Accordingly, the court orders Defendants' to submit supplemental briefing by **January 30, 2015 at 12:00 p.m.** explaining how, for each of the 50 subject matters that Defendants still contend is properly the subject of expert testimony, the facts and opinions about which Pappe and House will testify meet the definition of expert testimony under Rule 702. Defendants' supplemental briefing shall be supported by legal authority and shall not exceed **3 pages**. The court may then provide Plaintiff the opportunity to respond to Defendants' supplemental briefing, set the discovery letter for hearing, or take other action as needed.

IT IS SO ORDERED.

Dated: January 26, 2015



DONNA M. RYU
United States Magistrate Judge

---

personnel" and "[t]he organization and maintenance of an efficient restaurant kitchen facility committed to serving quality seafood to numbers of restaurant patrons in a sit-down restaurant setting," including how the "line operates and why it is economically not feasible to have a kitchen employee (at or near minimum wage) just limit his activities to one narrow kitchen function." *Id.* at *3. The court permitted Silvestri to testify as a lay witness about his personal knowledge of the restaurant and its practices, but precluded him from offering expert testimony because the proposed testimony about other "similarly-organized restaurants" was irrelevant to the wage and hours claims that formed the basis of the lawsuit. *Id.* at *4.